UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

COREY JOHN CHRISTENSEN,                          Civil No. 05-2468 (MJD/JJG)

      Petitioner,

      v.                                    **REPORT AND RECOMMENDATION**

TERRY CARLSON, et al.,

      Respondents.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be DISMISSED WITHOUT PREJUDICE.

The Court reviewed Petitioner's initial submissions shortly after this action was commenced, and found them to be inadequate in several respects. Most notably, Petitioner did not submit his petition on the form prescribed for use in this District, he did not clearly identify each of his individual claims for relief, he did not show that he had exhausted his state court remedies, and he failed to pay the $5 filing fee for this action. Therefore, by order dated October 27, 2005, (Docket No. 4), Petitioner's initial habeas corpus petition was stricken, and he was directed to (a) file an amended habeas corpus petition on the proper form, and (b) either pay the $5 filing fee, or else apply for leave to proceed in forma pauperis, ("IFP"). That prior order clearly informed Petitioner that if he did not satisfy both of those requirements within thirty (30) days, the Court would recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for submitting an amended petition, together with the filing fee or IFP application, has now passed.  Although Petitioner did pay his filing fee, he has not filed an amended petition.[1]  Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: November 29, 2005                    s/Jeanne J. Graham

_____
JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by December 19, 2005.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the

_____

[1] The Court notes that Petitioner recently filed an entirely new habeas corpus petition, which was not identified as an "Amended Petition," (as the Court's prior order explicitly required), and was not accompanied by any reference to the present action.  The Clerk's Office reasonably determined that Petitioner intended to initiate an entirely new action when he filed his new petition, and a new case has, in fact, been opened.  That new case – Christensen v. Carlson, Civil No. 05-2699 (MJD/JJG) – will not be affected by the dismissal of the present action.

objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.